UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────

DWIGHT SMALLS,

                              Plaintiff,

           v.

SERGEANT DELLIVAN RATHBUN, et al.,

                              Defendants.
───────────────────────────────────

16-CV-6503-FPG

DECISION AND ORDER

## INTRODUCTION

*Pro se* Plaintiff Dwight Smalls, an inmate incarcerated at Auburn Correctional Facility, brings this 42 U.S.C. § 1983 action for alleged violations of his constitutional rights while he was confined at Elmira Correctional Facility. ECF No. 1. Before the Court is Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 13. For the reasons that follow, Defendants' motion is GRANTED.

## BACKGROUND

Plaintiff's Complaint asserts the following causes of action: (1) excessive force that injured Plaintiff and led to a false misbehavior report being filed against him; (2) denial of medical treatment for his injuries after the assault; (3) religious discrimination; and (4) due process violations during a disciplinary hearing.

When the Court initially screened Plaintiff's Complaint, it dismissed his false misbehavior report claim. ECF No. 5. In lieu of answering the Complaint, Defendants moved to dismiss the official capacity claims against them and Plaintiff's retaliation, religious discrimination, and due process claims. Defendants have not moved to dismiss Plaintiff's remaining claims, and therefore the Court will not address them.

**DISCUSSION**

**I.       Legal Standard**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (internal quotation marks omitted). Thus, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). Determining whether a complaint meets the plausibility standard is "context-specific" and requires that the court "draw on its judicial experience and common sense." *Id.* at 679.

**II.      Analysis**

Defendants argue that Plaintiff's official capacity, retaliation, and racial discrimination claims should be dismissed for failure to state a claim upon which relief may be granted. Plaintiff concedes the dismissal of these claims (ECF No. 21 at 4), and therefore they are dismissed.

Defendants also argue that Plaintiff's due process claim should be dismissed. They assert that this claim is prohibited by the rule set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), which bars a Section 1983 due process claim related to a disciplinary hearing unless the hearing officer's determination is subsequently invalidated. The disciplinary hearing at issue here resulted in the loss of 24 months of good time credit.

Even if a plaintiff does not seek to restore his good-time credits, a favorable ruling on his due process claim necessarily implies the invalidity of the sanctions imposed. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997). Thus, an inmate cannot sue for damages under Section 1983 based on alleged procedural due process violations during a disciplinary hearing that led to the revocation of good-time credits. *See id*. at 648. The claim is improper until the prison's decision is overturned through administrative channels or a state or federal court in a habeas proceeding. *See id*.; *Peralta v. Vasquez*, 467 F.3d 98, 103 (2d Cir. 2006).

Pursuant to the rule in *Heck*, Plaintiff's due process claim is not cognizable under Section 1983 unless the hearing officer's determination is invalidated. Even though Plaintiff does not challenge the loss of his good time credit,[1] the disciplinary proceeding that he challenges impacts the overall length of his sentence because it resulted in the loss of good time.

However, *Heck*'s requirement of a favorable termination does not preclude a Section 1983 claim challenging sanctions that do not affect the length of confinement. *See Muhammad v. Close*, 540 U.S. 749, 754 (2004); *McEachin v. Selsky*, 225 F. App'x 36, 37 (2d Cir. 2007) (summary order). In a case of mixed sanctions, where, as here, a prisoner is subject to some sanctions that affect the overall length of his confinement and some that do not, he can proceed under Section 1983 and dispute the sanctions affecting the confinement conditions if he is willing to waive any challenge to sanctions affecting the duration of his confinement. In other words, Plaintiff must abandon, now and in any future proceeding, challenges to the loss of good time credit that arise out of the proceeding attacked in his current Section 1983 suit. *See Peralta,* 467 F.3d at 104.

In *Peralta*, the Second Circuit remanded to the District Court to (1) determine whether the inmate had formally agreed or was willing "to waive all his potential claims with respect to the

---

[1] Plaintiff asserts that he "did not allege 'deprivation of good time' nor 'mixed sanctions' but the insufficiency of the evidence of misconduct to substantiate the charges for which he was found guilty." ECF No. 21 at 4.

sanctions affecting the duration of his imprisonment arising out of the proceeding" being challenged and, once so waived, (2) allow him to proceed under Section 1983 as to sanctions affecting only the confinement conditions. *Peralta*, 467 F.3d at 106.

Accordingly, Plaintiff must respond to the Court within 30 days of the date this Order and (1) withdraw his due process claim challenging all the sanctions imposed; or (2) forever waive any challenge to sanctions affecting the duration of his confinement, including the loss of his good time credit.

## **CONCLUSION**

Defendants' Motion to Dismiss (ECF No. 13) is GRANTED as to Plaintiff's official capacity, retaliation, and religious discrimination claims and is DENIED as to his due process claim.

Plaintiff must file a written response within 30 days of the date this Order stating that he: (1) withdraws his due process claim; or (2) forever waives any challenge to the disciplinary sanctions affecting the duration of his confinement. If Plaintiff does not respond to this Order within 30 days, his due process claim will be dismissed without prejudice in its entirety.

IT IS SO ORDERED.

Dated: December 19, 2017
       Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court