UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────

DWIGHT SMALLS,

                            Plaintiff,                        Case # 16-CV-6503-FPG

     v.                                                    DECISION AND ORDER

SERGEANT DELLIVAN RATHBUM, et al.,

                            Defendants.
───────────────────────────────────

     In a letter dated December 14, 2018, *pro se* Plaintiff Dwight Smalls requests the appointment of counsel. ECF No. 45. Currently pending before the Court is Defendants' motion for summary judgment, ECF No. 43, to which Plaintiff has yet to respond. His opposition is presently due on or before January 14, 2019. ECF No. 44 at 2.

     There is no constitutional right to appointed counsel in civil cases. Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g., Sears, Roebuck & Co. v. Charles Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). The assignment of counsel in civil cases is within the trial court's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The Court must consider the issue of appointment carefully, because "every assignment of a volunteer lawyer deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). In determining whether to assign counsel, the Court considers several factors, including whether the indigent's claims seem likely to be of substance; the indigent's ability to investigate the crucial facts; whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; the indigent's ability to present the case; the complexity of the legal issues; and any special

reason why appointment of counsel would be more likely to lead to a just determination. *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *Hodge v. Police Officers,* 802 F.2d 58 (2d Cir. 1986).

After considering these factors, the Court finds that the appointment of counsel is not warranted. The remaining claims revolve around a series of discrete incidents—an altercation between correctional officers and Plaintiff, which resulted in medical treatment and disciplinary proceedings—and are not complicated. Plaintiff's prior submissions are articulate and it appears that he can adequately present his own claims. There are no special reasons that would favor the appointment of counsel.

Accordingly, Plaintiff's Motion to Appoint Counsel (ECF No. 45) is DENIED. In the interests of justice, however, the Court will extend Plaintiff's time to respond to Defendants' motion for summary judgment. Plaintiff's response is now due by January 28, 2019, and Defendants may file a reply within 15 days after Plaintiff files his response.

IT IS SO ORDERED.

Dated: January 4, 2019
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court