UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DWIGHT SMALLS,

           Plaintiff,    Case # 16-CV-6503-FPG

v.                    DECISION AND ORDER

SERGEANT DELLIVAN RATHBUM, et al.,

           Defendants.
_____

## INTRODUCTION

*Pro se* Plaintiff Dwight Smalls, a prisoner incarcerated at Attica Correctional Facility, commenced this civil rights action seeking relief pursuant to 42 U.S.C. § 1983. He alleges that Defendants subjected him to excessive force while he was confined at Elmira Correctional Facility.

Defendants moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. ECF No. 43. For the reasons that follow, the Court DENIES Defendants' motion as to Plaintiff's excessive force claim but GRANTS the motion as to all remaining claims.

## DISCUSSION

### I. Procedural History

Plaintiff asserted the following causes of action in his Complaint: (1) excessive force that fractured his leg and ankle and led to a false misbehavior report; (2) denied medical treatment for Plaintiff's injuries after the excessive force; (3) religious discrimination; and (4) due process violations during a disciplinary hearing. ECF No. 1. The Court previously dismissed Plaintiff's false misbehavior report, retaliation, religious discrimination, and official-capacity claims. ECF Nos. 5, 25.

Defendants now seek dismissal of Plaintiff's excessive force, racial discrimination, due process, and deliberate indifference claims. ECF No. 43. Plaintiff agrees that his racial discrimination, due process, and deliberate indifference claims should be dismissed but contends that his excessive force claim should proceed to trial. ECF No. 52 at 1-3.

## II. Legal Standard

A court grants summary judgment when the moving party demonstrates that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a)-(b); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010). It is the movant's burden to establish the nonexistence of any genuine issue of material fact. If there is record evidence from which a reasonable inference in the non-moving party's favor may be drawn, a court will deny summary judgment. *See Celotex*, 477 U.S. at 322.

Once a party moving for summary judgment has adequately shown the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to present evidence sufficient to support a jury verdict in its favor, without simply relying on conclusory statements or contentions. *Goenaga v. March of Dimes Birth Defects Foundation*, 51 F.3d 14, 18 (2d Cir. 1995) (citing Fed. R. Civ. P. 56(e)). "[F]actual issues created solely by an affidavit crafted to oppose a summary judgment motion are not genuine issues for trial." *Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996) (internal quotation marks omitted). Here, in light of Plaintiff's *pro se* status, the Court will construe his opposition papers liberally "to raise the strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2009) (internal quotation marks omitted) (emphasis in original).

## III. Abandoned Claims

Plaintiff concedes that summary judgment is appropriate as to his racial discrimination, due process, and deliberate indifference claims and does not oppose Defendants' motion on those issues. ECF No. 52 at 2. Therefore, the Court dismisses these claims as abandoned. *See Anti-Monopoly, Inc. v. Hasbro, Inc.*, 958 F. Supp. 895, 907 n.11 (S.D.N.Y. 1997), *aff'd*, 130 F.3d 1101 (2d Cir. 1997) ("[T]he failure to provide argument on a point at issue constitutes abandonment of the issue."). Accordingly, the only remaining claim is for excessive force against Defendants Harkness, Watts, Rathbum, and Taylor.

**IV.     Excessive Force**

It is well-settled that

[c]orrections officers are given the lawful authority to use such physical force as may be reasonably necessary to enforce compliance with proper instructions and to protect themselves from physical harm from an inmate. However, when corrections officers maliciously and sadistically use force to cause harm to a prisoner, and the prisoner suffers at least some injury, the result is cruel and unusual punishment under the Eighth Amendment, regardless of the seriousness or significance of the injury to the prisoner.

*Henry v. Dinelle*, 929 F. Supp. 2d 107, 117 (N.D.N.Y. 2013) (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)).

Excessive force consists of two components: (1) a subjective component that focuses on the defendant's motive for his conduct; and (2) an objective component that contemplates the seriousness of the harm. *See Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000). The subjective component "requires a showing that the defendant had the necessary level of culpability, shown by actions characterized by wantonness in light of the particular circumstances surrounding the challenged conduct." *Id*. at 21 (internal quotation marks omitted). A court can consider the need for force, the relationship between the need for force and the amount of force used, the threat reasonably perceived by responsible corrections officers, any efforts made to temper the severity of the forceful response, and the extent of the plaintiff's injuries. *See Henry*, 929 F. Supp. 2d at 116-17. Summary dismissal of an excessive force claim is "inappropriate" where there are "genuine issues of material fact concerning what transpired after" an inmate was restrained and "whether the guards maliciously used force against him." *Sims*, 230 F.3d at 21 (internal quotation marks omitted) (citing *Griffin v. Crippen*, 193 F.3d 89 (2d Cir. 1999)).

Plaintiff alleges that he had a confrontation with Defendants Watts and Harkness in the mess hall after Watts verbally berated him and sent him to "keep lock" for "skipping inmates in the mess hall line" to get a spoon. ECF No. 1 at 3. Harkness approached Plaintiff and ordered him to return the spoon and move toward the mess hall door while pushing him "in the waist." *Id*. at 3-4. Plaintiff

3

alleges that the "force of this push caused [him] to stumble," and as he "leaned forward from the force of the push, Defendant Harkness placed Plaintiff in a 'choke hold' (also known as a 'headlock') for no legitimate purpose." *Id*. at 4. Harkness and Plaintiff fell to ground in this position, and the "force of [Harkness's] weight caused a shearing motion and fractured Plaintiff's leg." *Id*. "Harkness then applied a leg bar, while maintaining the chokehold on Plaintiff's neck and stretched Plaintiff's body out until Plaintiff's ankle broke. Plaintiff could not cry out, as he was unable to breathe due to the chokehold." *Id*. Watts and Harkness punched Plaintiff in the face, and "Plaintiff passed out from the chokehold." *Id*. Defendants Taylor and Rathbum beat Plaintiff as they dragged him from the mess hall. *Id*.

Defendants do not dispute that Plaintiff suffered two broken bones, but they contend that the surveillance video of the incident shows "that the officers acted appropriately and quickly to restore order" in a mess hall of 230 inmates "and to protect the safety and security of the facility." ECF No. 43-10 at 9, 17. Plaintiff argues that Defendants' use of force caused "multiple" fractures in his leg "at a time when he was unarmed and had engaged in behavior that was, at most, verbally disruptive and did not necessitate the use of such extreme force." ECF No. 52 at 1.

Upon examination of the record, the Court finds that that Defendants have failed to establish the absence of any genuine issue of material fact concerning their use of force. The record evidence, including the nature and severity of Plaintiff's injuries and the video depicting this incident, establish a triable question of fact as to whether the amount of forced used was applied in a good-faith effort to maintain or restore discipline. The parties have differing accounts of their actions during and after Plaintiff was restrained and taken to the floor. Plaintiff contends that he did not strike or attempt to strike the officers, while Defendants assert that he struggled violently throughout the encounter. Although the video captures some of their interaction, much cannot be seen after Defendants take Plaintiff to the ground. Thus, a material factual dispute remains and precludes summary judgment. *See Dineen ex rel. Dineen v. Stramka*, 228 F. Supp. 2d 447, 453 (S.D.N.Y. 2002) ("It is for a jury to

4

determine which of these conflicting accounts… are to be believed.") (citing *Robison v. Via*, 821 F.2d 913, 924 (2d Cir. 1987)).

## V. Collateral Estoppel

Alternatively, Defendants contend that collateral estoppel bars Plaintiff's excessive force claim because the issue was previously litigated in the New York Court of Claims. ECF No. 43-10 at 18-19.

In New York, the doctrine of collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same." *Burgos v. Hopkins*, 14 F.3d 787, 792 (2d Cir. 1994) (quoting *Ryan v. New York Tel. Co.*, 62 N.Y.2d 494, 500 (1984)). Collateral estoppel requires: (1) an issue that has been decided in a prior action and is decisive of the present action; and (2) that there has been a full and fair opportunity to contest the decision now said to be controlling. *Id.* (citing *Schwartz v. Pub. Adm'r of Bronx Cnty.*, 24 N.Y.2d 65 (1969)). The burden of showing the "identicality and decisiveness of the issue" rests upon the party seeking the benefit of collateral estoppel, while the burden to establish the absence of a full and fair opportunity to litigate the issue in the prior action rests on the party contesting its application. *Ryan*, 62 N.Y.2d. at 502.

Defendants have not carried their burden. While the evidence offered in a trial in this case may be similar to the evidence offered in the Court of Claims, the standard for stating a negligence claim differs from the standard for stating an Eighth Amendment violation. Moreover, the New York Court of Appeals has identified several factors to consider in determining whether a full and fair opportunity to litigate was present in the initial forum, including:

> the nature of the forum and the importance of the claim in the prior litigation, the incentive and initiative to litigate and the actual extent of litigation, the competence and expertise of counsel, the availability of new evidence, the differences in the applicable law and the foreseeability of future litigation.

*Id.* at 501.

The papers submitted to the Court do not demonstrate that collateral estoppel applies here. Notably, the Court of Claims' decision indicates that Plaintiff could not present the video of the altercation during that trial and was advised that no such video existed. ECF No. 43-9 at 211 (Court of Claims Decision, dated April 5, 2017, at 4).

## **CONCLUSION**

The Court DENIES Defendants' Motion for Summary Judgment (ECF No. 43) as to Plaintiff's excessive force claim but otherwise GRANTS the motion as to all other claims, which are dismissed with prejudice. The Clerk of Court is directed to terminate Defendants Baker and Keller as parties to this action. By separate order, the Court will schedule this matter for a status conference.

IT IS SO ORDERED.

Dated: June 11, 2019
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court